RICKETTS v. ALLEN

Ohio Supreme Court.

No. 20775.   Decided Nov. 2, 1927.

OPINION REPORTED IN FULL.

Syllabus by Editorial Staff.

291.—CONSTITUTIONAL LAW.—Denial of relief from result of plaintiff's own errors and omissions does not present constitutional question.

Error to Montgomery Appeals.

Petition dismissed.

L. B. McIlheney, Dayton, for Ricketts.
Marshall & Harlan, Dayton, for Allen.

This is a proceeding to reverse the Court of Appeals of Montgomery county. The petition in this cause is filed in this court as a matter of right, the plaintiff in error claiming a constitutional question.

The case originated in the court of common pleas, wherein Ricketts sought to enjoin the collection of a certain judgment theretofore obtained against him in the court of common pleas of Montgomery county by one Victoria Shields Allen in an action for breach of promise of marriage. The history of the case indicates that the trial resulted in favor of said Victoria Shields Allen by the recovery of a verdict of $5,750. It was sought to review the record of this case in the Court of Appeals; but in that court the petition in error was dismissed for the reason that summons in error was not served upon the defendant in error or her counsel within the statutory time, that court holding that it had no jurisdiction. This judgment was affirmed by this court.

It is now sought by an original action in equity to permanently enjoin the collection of said judgment, it being claimed that the same is void because of the failure of the trial judge to vacate the bench upon an affidavit of prejudice being filed; second, for fraud in obtaining the judgment; and, third, because the same is based upon perjured testimony; by reason of which plaintiff in error was denied due process of law and equal protection of the law as guaranteed to him by the state and federal constitutions.

In the court of common pleas a demurrer was filed to the amended petition, which demurrer was sustained, and, the plaintiff not desiring to plead further, an appeal was prosecuted to the Court of Appeals. In that court a demurrer to the amended petition was sustained, to which plaintiff excepted, and a temporary restraining order was granted in order to allow Ricketts to file his petition as a matter of right in this court, seeking to review and reverse the action of the courts below.

BY THE COURT.

The plaintiff in error claims that he has been deprived of due process of law and equal protection of the law, and that, therefore, a constitutional question is presented entitling him to file his petition in error in this court as a matter of right.

An examination of the record, including the amended petition filed in the court of common pleas, shows that the statutory provisions, if taken advantage of by plaintiff in error, would have afforded complete protection of his rights. Denial of relief from the result of his own errors and omissions does not present a constitutional question. The petition in error is therefore dismissed.

(Marshall, CJ., Day, Allen, Kinkade and Matthias, JJ., concur.   Robinson and Jones, JJ., not participating.)

―――――――

No. 847

HAYES v. HAYES

Ohio Supreme Court.

No. 19964.   Decided Nov. 2, 1927.

OPINION REPORTED IN FULL.

Syllabus by Editorial Staff.

725.   LIMITATIONS.—413.   Divorce and Alimony.—Seventy day limitation, for filing petition in error, must be computed from date decree of common pleas is journalized.

Error to Cuyahoga Appeals.

Judgment reversed.

Edward W. Dissette and Wilson Kern, Cleveland, for plaintiff in error.

Clarke & Costello, Cleveland, for defendant in error.

BY THE COURT.

This is a proceeding in error to reverse a judgment rendered by the Court of Appeals of Cuyahoga county in a divorce and alimony case.

The court of common pleas rendered a decree in the case. The dissatisfied party prosecuted error. The other party moved the Court of Appeals to dismiss the error case for the reason that petition in error was not filed within the seventy-day limitation. The Court of Appeals sustained the motion, evidently computing time from the date when the trial judge announced his decision, and dismissed the action on the sole ground stated.

Computing time from the date the decree of the court of common pleas was journalized, only sixty-three days had elapsed when the petition in error was filed.

Judgment of the Court of Appeals reversed and cause remanded to that court for further proceedings in accordance with this opinion.

(Marshall, CJ., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

―――――――――――――――――――――――――

(Continued from Page 764)

sue for damages, and findings therein were that they relied on misrepresentations, in their action against vendor for misrepresentation, since proof of knowledge of deceit was lacking in former case, record thereof was inadmissible in instant action as conclusive proof of fraud.

2. Issue once adjudicated becomes proof. Unnecessary to readjudicate it if, in litigation, there are same parties, same transaction, and identical issues. Miller et v. Forest City Motor Co., OA. 5 Abs. 762.

991. RAILROADS.

See 1106. Statute of Limitations. Balt. & O. Rd. Co. et v. Fish Lybarger Co., OA. 5 Abs. 761.

See 543 Foreign Corporation, Price & Co. v. Davis, Agt., OA. 5 Abs. 762.

(Continued on Page 767)